ISABELLE M. GOODALE vs. WILLIAM GOODALE.

York.    Opinion November 5, 1910.

*Easements.   Deeds.   Construction.   Obstruction.*

A grant of a right of way provided that it should be kept open for the common use of the grantor and grantee, their heirs and assigns, in the same manner as a lane connected therewith and leading easterly to the highway. The lane in question had been kept open and free from obstruction since 1857. *Held*, that 39 years having passed during which the lane was free from obstruction at the time the right of way was given, the parties to the deed must be deemed to have intended such condition to be the "manner" in which the right of way conveyed should be kept open, and the grantor's successor in title cannot place obstructions in the right of way.

On exceptions by plaintiff.    Overruled.

Trespass quare clausum fregit brought against the defendant for removing a pair of bars erected by the plaintiff across a certain narrow strip of land alleged to belong to the plaintiff.    Plea, the general issue with a brief statement alleging as follows:    "That the place where the alleged trespass is alleged to have been committed was and is subject to said defendant's use as a right of way free of all obstructions to his use over the premises described in said plaintiff's declaration, said right of way as aforesaid being derived by said defendant by legal title by deed to him of the same from plaintiff and her predecessor in title to the fee of the premises dated Mar. 21, 1896, recorded in York Registry of Deeds Book 476, page 489, that upon said day of said alleged trespass said defendant was in the lawful use of his said right of way."    Heard by the presiding Justice, without a jury, who ruled that judgment should be for the defendant, and the plaintiff excepted.

The case is stated in the opinion.

*Geo. F. & Leroy Haley*, for plaintiff.

*William M. Tripp*, for defendant.

SITTING: EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

SPEAR, J.   This is an action of trespass for removing an obstruction across an alleged right of way.   At the close of the testimony the court ordered a verdict for the defendant, and .the case comes up on exceptions to the order.   The locus is a lane leading from the "old post road," so called, to the pasture of the defendant.   On the left side of the lane going toward the pasture of the defendant is the land of the plaintiff known in the case as plaintiff's upper field, lower and upper Little pasture; on the right of the lane is Norton's land; upon both sides of the lane its whole length is a continuous line of stone wall or fence.   The accompanying chalk may give some assistance in tracing the locus as it is found upon the face of the earth.

DEFENDANT'S LARGE PASTURE

| | DEFT'S | LARGE PASTURE |
| PLAINTIFF'S UPPER LITTLE PASTURE | BARS | |
| | BARS | |
| PLAINTIFF'S LOWER LITTLE PASTURE | REMOVED BY DEFT. | |
| | | NORTON'S LAND |
| PLAINTIFF'S UPPER FIELD | | |

HIGHWAY, OR OLD POST ROAD, OR OLD COUNTY ROAD

Prior to 1896 the plaintiff's husband, George B. Goodale, her immediate predecessor in title, and his brother, the defendant, William Goodale, owned and used in common and undivided, the whole tract of land on the left side of the lane. In 1896 a division of this land was made by George and William, each giving to the other a warranty deed of the part conveyed. The grant of the right of way in the deed to William Goodale, dated March 1, 1896, is as follows: "And the lane between Norton's land and said Little pasture, as now indicated by partial fence, shall be kept open for the common use of the grantor and grantee, their heirs and assigns, in the same manner as the lane connecting therewith and leading easterly to the highway."

The highway referred to in the deed is mentioned by the witnesses as the Old Post Road or the Old County Road. Up to 1896, the time of the division, there had been for many years a pair of bars across the lane at the point adjoining the foot of the upper Little pasture. In 1896, after the division, the bars were removed. Twelve years later in 1908 the bars were again erected by the plaintiff, and removed by the defendant, whence the present controversy.

The defendant contends that the lane was a right of way, which he was entitled to have kept open and unobstructed, and that the bars erected by the plaintiff were an illegal obstruction which he had a right to remove and did remove. Whatever the legal significance of the words "shall be kept open" it is not necessary to consider, as the case turns upon the clear and unequivocal specification in the division deed of George B. to William Goodale, that the lane should "be kept open in the same manner as the lane connecting therewith and leading easterly to the highway." The undisputed evidence shows that the lane referred to in the deed for the purpose of defining the "manner" in which the lane in controversy should be kept open had been free from gates or bars or other obstructions since 1857. Thirty-nine years conclusively show that the lane "leading easterly to the highway" must be considered to have been, at the time this deed was given, open and free from obstructions. The plaintiff's predecessor in title and the defendant

must both have thoroughly so understood it. The clause in the deed, therefore, describing the manner in which the lane in question was to be kept open, must be regarded as an expression of the mature intention of the plaintiff's predecessor in title, and to be conclusive upon her.

*Exceptions overruled.*